IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SZ DJI TECHNOLOGY CO. LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TEXTRON SPECIALIZED VEHICLES INC. ) <br> and E-Z-GO LLC, ) <br> ) <br> Defendants. ) | C.A. No. _____ <br> <br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SZ DJI Technology Co. Ltd. hereby alleges as follows:

## THE PARTIES

1. Plaintiff SZ DJI Technology Co. Ltd. ("DJI") is a Chinese corporation with a place of business at Lobby of T2, DJI Sky City, No. 53 Xianyuan Road, Xili Community, Xili Street, Nanshan District, Shenzhen, China.

2. DJI is a worldwide leader in the innovations and development of unmanned air vehicles (UAVs) that has made DJI a commanding market leader of UAVs in the United States. Since its founding in 2006, DJI has filed over one thousand applications leading to hundreds of issued patents in the United States alone. These patents protect a wide range of technologies including movement control, motor control, and battery usage that are useful not only for air vehicles but for ground vehicles as well.

3. On information and belief, Defendant Textron Specialized Vehicles Inc. ("TSV") is a Delaware corporation with its principal place of business 1451 Marvin Griffin Road, Augusta, GA 30906.

-1-

4.      On information and belief, Defendant E-Z-GO LLC ("EZGO") is a Delaware limited liability company with its principal place of business 1451 Marvin Griffin Road, Augusta, GA 30906.

## JURISDICTION AND VENUE

5.      This action arises under the United States patent laws, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      Upon information and belief, this Court has personal jurisdiction over Defendants TSV and EZGO because TSV and EZGO have purposely availed themselves of the privilege of conducting activities within this State and judicial District including by being organized under the laws of Delaware in this District.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

8.      DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 11,462,116, titled "Polygon Shaped Vehicle Restriction Zones" ("the '116 Patent"), which was duly and legally issued on October 4, 2022. A true and correct copy of the '116 Patent is attached hereto as Exhibit A.

9.      DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 11,482,121, titled "Open Platform for Vehicle Restriction Region" ("the '121 Patent"), which was duly and legally issued on October 25, 2022. A true and correct copy of the '121 Patent is attached hereto as Exhibit B.

10.     DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 10,640,224, titled "Motor Control Method,

Apparatus, and System" ("the '224 Patent"), which was duly and legally issued on May 5, 2020. A true and correct copy of the '224 Patent is attached hereto as Exhibit C.

11. As alleged below, Defendants' vehicles infringe one or more claims of each of the '116, '121, and '224 Patents.

**FIRST CAUSE OF ACTION:  INFRINGEMENT OF U.S. PATENT NO. 11,462,116**

12. The facts and allegations of Paragraphs 1-11 are incorporated by reference for this First Cause of Action as though fully set forth herein.

13. In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '116 Patent by making, using, offering for sale, selling, and/or importing the EZGO RXV and Freedom RXV golf carts with the Shield Plus, Shield, 7, 7EX, or 10EX having the Geofencing feature in the United States, without the authority of DJI.

14. The EZGO RXV and Freedom RXV golf carts with the Shield Plus, Shield, 7, 7EX, or 10EX having the Geofencing feature infringe at least claim 1 of the '116 Patent, as set forth in the accompanying claim chart attached as Exhibit D.

15. Accordingly, Defendants directly infringe at least claim 1 of the '116 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of the Defendants, in accordance with the rules of this Court.

16. DJI has been damaged as a result of Defendants' infringing conduct.  Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**SECOND CAUSE OF ACTION:  INFRINGEMENT OF U.S. PATENT NO. 11,482,121**

17. The facts and allegations of Paragraphs 1-16 are incorporated by reference for this Second Cause of Action as though fully set forth herein.

18. In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '121 Patent by making, using, offering for sale, selling, and/or importing the EZGO RXV and Freedom RXV golf carts with the Shield Plus, Shield, 7, 7EX, or 10EX having the Geofencing feature in the United States, without the authority of DJI.

19. The EZGO RXV and Freedom RXV golf carts with the Shield Plus, Shield, 7, 7EX, or 10EX having the Geofencing feature infringe at least claim 1 of the '121 Patent, as set forth in the accompanying claim chart attached as Exhibit E.

20. Accordingly, Defendants directly infringe at least claim 1 of the '121 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of Defendants, in accordance with the rules of this Court.

21. DJI has been damaged as a result of Defendants' infringing conduct.  Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**THIRD CAUSE OF ACTION:  INFRINGEMENT OF U.S. PATENT NO. 10,640,224**

22. The facts and allegations of Paragraphs 1-21 are incorporated by reference for this Third Cause of Action as though fully set forth herein.

23. On information and belief, in violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '224 Patent by making, using, offering for sale, selling, and/or importing the EZGO RXV, EZGO Freedom RXV, EZGO Liberty, EZGO

Express, Hauler (800, 800x, PRO, PRO-X), Refresher Oasis, and Shuttle (2, 2+2, 4, 6, 8) carts with the ELiTE Lithium powertrain in the United States, without the authority of DJI.

24.     On information and belief, the EZGO RXV, EZGO Freedom RXV, EZGO Liberty, EZGO Express, Hauler (800, 800x, PRO, PRO-X), Refresher Oasis, and Shuttle (2, 2+2, 4, 6, 8) carts with the ELiTE Lithium powertrain infringe at least claim 12 of the '224 Patent, as set forth in the accompanying claim chart attached as Exhibit F.

25.     Accordingly, on information and belief, Defendants directly infringe at least claim 12 of the '224 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of Defendants, in accordance with the rules of this Court.

26.     DJI has been damaged as a result of Defendants' infringing conduct.  Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff DJI requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DJI requests the following relief:

(a)     judgment that the Defendants infringe the '116 Patent;

(b)     judgment that the Defendants infringe the '121 Patent;

(c)     judgment that the Defendants infringe the '224 Patent;

(d)     award Plaintiff DJI damages in an amount sufficient to compensate it for Defendants' infringement of one or more claims of the '116, '121, and/or '224 Patents, together

with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

(e) an accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(f) declare this case to be exceptional under 35 U.S.C. § 285 and award Plaintiff DJI its attorneys' fees, expenses, and costs incurred in this action; and

(g) such other and further relief as the Court finds just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Kenneth R. Adamo
Marc Weinstein
Scott Daniels
Mao Wang
XSENSUS, LLP
100 Daingerfield Road, Suite 402
Alexandria VA 22314
(571) 376-6333

Thomas E. Bejin
BEJIN BIENEMAN PLC
2000 Town Center, Suite 800
Southfield, Michigan 48075
(313) 528-4882

January 17, 2023

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff
SZ DJI Technology Co. Ltd.*